CHARLES J. MONTAGUE, complainant,

*v.*

WARREN C. PINE et al., defendants.

[Decided February 13th, 1930.]

BUCHANAN, V. C.

Complainant's bill was filed April 19th, 1929, to foreclose bond and mortgage of $2,000, made December 1st, 1926, by one Niper to complainant, comprising premises conveyed May 31st, 1927, by Niper to defendant Pine and his wife, who assumed payment of the mortgage. *Subpœna ad respondendum* was served personally on the defendant Pine (and his wife) on April 22d, 1929. Time to answer expired May 22d; no answer was filed; decree *pro confesso* was entered June 17th. Master's hearing was held, and report filed December 5th. In the meantime defendant Pine died, on July 24th, and his widow became the owner of the premises by survivorship. In the course of settlement of her husband's estate she discovered two canceled checks, one for $500, dated May 28th, 1927, and the other for $1,300, dated June 24th, 1927, both drawn by her husband to complainant, and endorsed by the latter.

She has filed affidavit setting up these facts, and alleging that the checks were paid in satisfaction of the mortgage in question, and asks to have the decree *pro confesso* opened, and to be permitted to defend.

■

Affidavits were filed on both sides, including depositions and cross-examination of affiants before a master, under order. Substantially everything is before the court that could be presented at a final hearing if the decree *pro confesso* were opened.

Briefly—Niper testifies that the two checks were payments made by Pine, on account of the mortgage in question. On the other hand, complainant testifies that the checks were not payments on account of the mortgage, but were payments on a separate transaction; and there is corroborative testimony by others.

Payment is of course an affirmative defense—the burden of proof is on defendant. By the evidence (considered as on a final hearing) this burden is not met by defendant. On the contrary, the evidence is practically convincing of the truth of complainant's testimony. In this behalf there may be mentioned the fact that the bill to foreclose was filed April 19th, 1929, some two years after the checks were given, and that Pine, though personally served with process, filed no answer—and made no attempt to file any such answer—made no denial of any kind of his liability on that mortgage, either within the time limited to answer, or at any time before his death three months later.

Not only that, but in November, 1928, complainant had demanded of Pine payment of the interest on this mortgage, and threatened foreclosure; by letter of December 1st, 1928, Pine made no assertion that the mortgage had been paid, but promised prompt payment of the interest. In March, 1929, complainant notified Pine that he was going to foreclose the mortgage. March 11th, 1929, Pine wrote to complainant's solicitor, making no claim that the mortgage had been paid, but, in effect, promising to pay it, and asking for time; and subsequently wrote repeated requests for delay—eleven in all—down to two days before his death.

The inference is inescapable, that he had no defense to the foreclosure—hence, that the mortgage had not been paid. The same conclusion must necessarily be reached at a final hearing, if decree were opened. The application to open the decree will therefore be denied.